FOR PUBLICATION

**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**
**APPELLATE DIVISION**

| | |
|---|---|
| JOHN VICTOR )<br><br>    *Appellant,* )<br>)<br>v. )<br>)<br>PEOPLE OF THE VIRGIN ISLANDS )<br>)<br>    *Appellee.* )<br>_____ ) | D.C. Crim. App. No. 2006-37<br><br>Super. Ct. Crim. No. 2005-492 |

On Appeal from the Superior Court of the Virgin Islands,
the Honorable Rhys S. Hodge presiding.

**Considered: March 5, 2010**
**Filed: July 24, 2012**

**BEFORE: CURTIS V. GÓMEZ**, Chief Judge of the District Court of the Virgin Islands; **RAYMOND FINCH**, Judge of the District Court of the Virgin Islands; and **JULIO BRADY**, Judge of the Superior Court, Division of St. Croix, sitting by designation.

**ATTORNEYS:**

**Debra S. Watlington, TPD**
St. Thomas, U.S.V.I.
    *For the Appellant,*

**Maureen Phelan, AAG**
**Terrlyn M. Smock, AAG**
St. Thomas, U.S.V.I.
    *For the Appellee.*

**MEMORANDUM OPINION**

**PER CURIAM,**

Before the Court is the appeal of John Victor ("Victor") of his convictions for driving while under the influence of intoxicating liquor, in violation of V.I. CODE ANN. tit. 20, § 493(a)(1), driving under the influence with .08 percent or more by weight of alcohol in his blood, in violation of V.I. CODE ANN. tit. 20, § 493(a)(2). For the reasons stated below, the Court will affirm Victor's convictions.

## I. FACTS

At around 7:00 a.m. on November 21, 2005, Victor hit a parked car while driving in the vicinity of the Bethel Baptist School located in the Hospital Ground area of St. Thomas. Officer Enid Edwards ("Officer Edwards") was dispatched to the scene of the collision to investigate. She interviewed Victor and the owner of the parked car involved in the accident.

While speaking with Victor, Officer Edwards observed that he was exhibiting signs of intoxication. Victor told Officer Edwards he had consumed one Heineken beer the morning of the accident.

Subsequently, Victor was transported to the police station. There, he was asked if he would submit to a chemical intoxilyzer

test. He consented and blew into the chemical intoxilyzer machine. The test registered his alcohol content as .12.

Thereafter, Victor was charged with driving under the influence of an intoxicating liquor in violation of V.I. CODE ANN. tit. 20, § 493(a)(1), driving under the influence with .08 percent or more by weight of alcohol in his blood in violation of V.I. CODE ANN. tit. 20, § 493(a)(2), and operating a motor vehicle in a negligent manner over and along a public highway of the territory in violation of V.I. CODE ANN. tit. 20, § 503.

At a bench trial, the Government presented two witnesses, Ms. Edris Fleming ("Fleming"), the owner of the parked car with which Victor collided, and Officer Edwards. Fleming testified that she parked her car on the public highway near the school area, and that the defendant collided with her when attempting to reverse out of the school yard. Officer Edwards testified that she observed Victor smelling strongly of alcohol, exhibiting slurred speech, and having difficulty maintaining his balance.

The Court found Victor guilty of all three counts. Victor thereafter timely filed this appeal. Victor raises one issue on appeal, whether the trial court erred when it admitted and relied on a deficient certificate of calibration for the chemical intoxilyzer.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review criminal judgments and orders of the Superior Court in cases in which the defendant has been convicted, and has not entered a guilty plea. *See* V.I. CODE ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 28 U.S.C. § 1613(a)(2006).

When considering decisions on the admission of evidence, the standard of review is abuse of discretion. *United States v. Kellogg*, 510 F.3d 188, 197 (3d Cir. 2007) (citing *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994)). "An abuse of discretion arises when the [trial] court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993) (quotation and citation omitted).

## III. ANALYSIS

Victor argues that the trial court committed reversible error when it admitted and relied upon a defective certificate of calibration to convict him of violations of 20 V.I.C. § 493(a)(1) & (a)(2). He asserts that the circumstances under which the certificate of calibration in this case was produced failed to align with the requirements of Section 493b ("Section 493b") of

title 20 of the Virgin Islands Code. Section 493b provides guidelines for the certification of chemical test operators and machines. It provides in pertinent part:

> (a) the crime laboratory of the Department of Justice shall promulgate rules concerning the certification of:
> (1) chemical test operators;
> (2) machines and chemicals, if any, used in the operation of such machines; and
> (3) the technique used in operating a chemical test machine.
> (b) The rules promulgated under subsection (a) of this section shall provide for the issuance of a certificate:
> (1) to each properly trained chemical test operator;
> (2) for each properly inspected and calibrated test machine; and
> (3) stating the correct procedure to be used in operating a chemical test machine.
>
> Certificates issued under (b)(2) must specify the specific period of time for which the inspection and calibration is valid.

V.I. CODE ANN. tit. 20, § 493b.

At trial, the Government sought to introduce the results of the test performed on Victor at the traffic bureau. Victor objected to the admission of the results from that test, because he expressed concern that the machine used did not have a certificate of calibration that conformed with statutory mandates. Victor highlighted that the certificate merely indicated the date it was signed -- July 18, 2005 -- but failed, to "specify the time for which the inspection and calibration is valid." *Id.* Officer Edwards testified that she was certified to

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 6

use the intoxylizer machine. She further testified that the machine on which Victor was tested had last been calibrated in July, 2005, and that calibration was performed on an annual basis. The trial court found that the testimony of Officer Edwards provided an appropriate basis for admission of the certificate:

> THE COURT: I'm going to admit the certificate into evidence and rule based upon the testimony of Officer Edwards and given her experience in the department and familiarity with these matters that the calibration is done annually and this satisfies the statute.

(J.A. 33.)

The contents of the certificate of calibration are straightforward. The certificate does not indicate the time period for which the inspection and calibration was valid, but merely states the date that the certifying technician signed the certificate. The Court thus must disagree with the trial court. The certificate did not conform with the requirements of Section 493b. Officer Edward's testimony about the VIPD's calibration practices did nothing to cure that deficiency.

The certificate's shortcomings with respect to section 493b, however, did not render it inadmissible. Federal Rule of Evidence 402 provides that " [a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of

the United States, by Act of Congress, by [the Federal Rules of Evidence], or by other rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. The calibration of the intoxylizer is relevant as it bears on the reliability of the intoxylizer results. Victor has failed to point to any Rule of Evidence that would warrant the certificate's exclusion. He seems to invite the Court to construe section 493b as an evidentiary rule. The Court must decline his invitation. The Court finds no abuse of discretion with the trial court's admission of the certificate of calibration.

Victor further objects to the certificate's admission in light of the statutory allowance for such certificates to trigger certain presumptions. Section 493a provides:

> (a) Upon the trial of any criminal action, or preliminary proceeding in a criminal action, arising out of acts alleged to have been committed by any person in violation of subsection (a) of section 493 of this chapter while under the influence of an intoxicating liquor, *the results of any chemical test or tests administered in accordance with the provisions of section 493c of this chapter shall be admissible into evidence when otherwise admissible, and the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's breath, blood or urine, shall give rise to the following presumptions:*
> . . . .

>   (3) If there was at that time 0.10 percent or more by
>   weight of alcohol in the person's blood, *that fact
>   shall be prima facie evidence that the person was under
>   the influence of an intoxicating liquor.*

V.I. CODE ANN. tit. 20, § 493a (emphasis supplied). At the close of its case, the Government moved for the application of that presumption in light of Victor's breathalyzer results. The language of section 493a specifically speaks to the performance of chemical tests in conformity with section 493c. The certificate of calibration is not part of the procedures outlined in section 493c. As such, it follows that a defect in the certificate of calibration would not interfere with the presumptions enumerated at section 493a.

Even assuming that the presumption should not have had force here, there was ample evidence adduced that Victor was intoxicated while driving his car. In order to be convicted for driving while intoxicated, the Government must provide proof that the defendant was "affected by the ingestion of alcohol to a degree beyond mere impairment of ability to operate." *Gov't of the V.I. v. Grant*, 19 V.I. 343, 347 (Terr. Ct. January 12, 1983). "Evidence of chemical tests of a subject's blood is not a necessary element of prosecution for driving while intoxicated." *Gov't of the V.I. v. Moses*, 12 V.I. 589, 593 (D.V.I. 1976).

Furthermore, in drunk driving cases, the trier of fact must rely on the perceptions and evaluations of witnesses. *Gov't of the V.I. v. Steven*, 962 F. Supp. 682, 687 (D.V.I. 1997).

Both Officer Edwards and Ms. Fleming offered testimony that Victor demonstrated signs of struggling to maintain his faculties while under the influence of alcohol on the morning of the collision. Ms. Fleming gave the following testimony about Victor's demeanor:

> Q: What did Mr. Victor tell you?
>
> A: When he spoke to me, he was not speaking very clear. He was like babbling and he couldn't stand straight and I could smell alcohol fumes coming from his mouth.

(J.A. 16).

Officer Edwards noted that Victor smelled of alcohol and displayed other indicia of inebriation:

> Q: Officer Edwards, you said you indicated on your report who was at fault? Who did you indicate was at fault?
>
> A: Mr. John Victor.
>
> Q: And how did you come to that conclusion?
>
> A: He collided with a parked vehicle. There was a very strong odor of alcohol on his breath and apparently had slurred speech and he wasn't able to hold the note pad. He wasn't able to stand. I asked him if he had been drinking. He said he had a beer in the morning . . . .

(J.A. 21.)

In light of this testimony, the application of the presumption that Victor was intoxicated, if in error, amounted to a harmless error.

## IV. CONCLUSION

For the reasons stated above, the Court will affirm Victor's convictions. An appropriate judgment accompanies this opinion.